IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN W. WILSON,

    **Plaintiff,**

    v.                                  CASE NO. 24-3164-JWL

DANIEL HARLAN,

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Benjamin W. Wilson is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is detained at the Marshall County Jail in Marysville, Kansas. Plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that he was arrested without a warrant on March 12, 2024, in Frankfort, Kansas. (Doc. 1, at 2.) He states that Daniel Harlan, Chief of Police for Frankfort, initiated a traffic stop. Harlan asked Plaintiff to get out of the vehicle and said that he had an "arrest and detain" warrant. He put handcuffs on Plaintiff and transported him to the Marshall County Jail. Plaintiff requested a copy of the warrant and was given a commitment order issued by the Marshall County District Court earlier that day. Plaintiff attached a copy of the order to the Complaint. (*See* Doc. 1-1.)

Plaintiff brings claims for an unlawful traffic stop, an unlawful arrest, and a violation of due process. (Doc. 1, at 3-4.) He names Daniel Harlan as the only defendant and seeks relief in the form of $150,000.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV.  Therefore, the issue is whether the seizure of Plaintiff was unreasonable.

The Court finds that it was not.  The defendant had a commitment order from the district court stating as follows:

> Now on this day, the Court orders the above-named Defendant [Benjamin Wallace Wilson] to Surrender to the Sheriff of Marshall County, Kansas to serve the following sentence:
>
> 6 months in 2020-CR-000081, consecutive with 24 months in 2020-CR-000091, consecutive with 6 months in 2020-CR-000095 for a total sentence of 36 months in the Marshall County Jail.

(Doc. 1-1, at 1.)

In addition, K.S.A. § 22-3427, Execution of sentence, provides as follows:

(a) When any person has been convicted of a violation of any law of the state of Kansas and has been sentenced to confinement, **it shall be the duty of the sheriff of the county, upon receipt of a certified copy of the journal entry of judgment, judgment form showing conviction, sentence, and commitment, or an order of commitment supported by a recorded judgment of sentence, to cause such person to be confined** in accordance with the sentence.

(b) The certified copy of a judgment and sentence to confinement or imprisonment shall be sufficient authority for the jailer or warden or other person in charge of the place of confinement to detain such person for the period of the sentence.

K.S.A. § 22-3427 (emphasis added).

Plaintiff's arrest was based on his convictions and a court order, making the arrest even more reasonable than one based only on probable cause.  As U.S. District Judge Winder of the District of Utah found in a case where an arrest was based on commitment orders issued after a

4

verdict and sentencing, "this arrest was not based on mere probable cause or undertaken pursuant to a warrant based on probable cause. Mr. Singer had been adjudicated guilty of the misdemeanor of neglecting his children and sentenced to sixty days in jail and a $299.00 fine. Commitment orders were issued to Sheriff Robinson . . . *To argue that the law enforcement officers had no authority in the face of these court orders of commitment borders on the absurd.*" *Singer v. Wadman*, 595 F. Supp. 188, 288 (D. Utah 1982) (emphasis added).

Plaintiff makes much of the allegation that Harlan told him that he had an "arrest and detain" warrant when in fact he had a commitment order. He argues that he was arrested under the "pretense" that a warrant existed. (Doc. 1, at 3.) Plaintiff fails to explain how a court order issued after an adjudication and sentencing where Plaintiff was represented by an attorney provides him with less process than a warrant based on probable cause.

In conclusion, the Court finds that Plaintiff's seizure was reasonable. Plaintiff fails to state a claim for violation of his constitutional rights.

## IV. Motion to Appoint Counsel

Plaintiff requests the appointment of counsel based on the complexity of the issues, his limited access to a law library, his inability to afford to hire an attorney, and his limited understanding of the law. (*See* Docs. 3 and 4.)

The Court has considered Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th

Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) Plaintiff has not asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for failure to state a claim. Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 25, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied**.

**IT IS SO ORDERED**.

**Dated October 25, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**