IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN WALLACE WILSON,

    **Plaintiff,**

    v.                                                                                          CASE NO. 24-3164-JWL

DANIEL HARLAN,

    **Defendant.**

## MEMORANDUM AND ORDER

    Plaintiff Benjamin Wallace Wilson, a state prisoner currently incarcerated at the Marshall County Jail in Marysville, Kansas, brought this pro se civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis. On October 25, 2024, the Court issued a memorandum and order to show cause (MOSC) explaining that Plaintiff's Fourth Amendment claims based on Defendant stopping Plaintiff's vehicle and arresting him, as well as Plaintiff's due process claim, depend on whether the seizure of Plaintiff was unreasonable. (Doc. 6, p. 2, 4.) The Court found that the seizure in question was not unreasonable. *Id.* at 4. When Defendant stopped and arrested Plaintiff, Defendant had a commitment order for Plaintiff from the state district court and K.S.A. 22-3427 requires county sheriffs, upon receipt of a commitment order supported by a recorded judgment of sentence, to cause the convicted and sentenced person to be confined in accordance with the sentence. *Id.*

    The Court also rejected Plaintiff's contention that the stop and arrest were unconstitutional because Defendant said that he had an "arrest and detain warrant" for Plaintiff when he in fact had a commitment order. *Id.* at 5. The Court thus concluded that Plaintiff had failed to state a plausible

1

claim that his constitutional rights were violated and it ordered Plaintiff to show good cause, in writing, why the complaint should not be dismissed for failure to state a claim. *Id.* 5-6.

Plaintiff timely filed his response on November 14, 2024. (Doc. 7.) In the response, he asserts that the commitment order in question was "to be civilly processed and served to the Plaintiff asking him to surrender to the Sheriff of Marshall County to serve other sentences. No warrant or commitment order was issued authorizing any law enforcement to arrest or detain the Plaintiff." *Id.* at 1. Plaintiff then cites case law that states that the Federal Constitution and Kansas statutes require a traffic stop to be based on reasonable suspicion that the driver of the vehicle is committing, has committed, or is about to commit a crime. *Id.* at 1-2. Plaintiff contends that Defendant had no such reasonable suspicion, so the stop was unlawful, as was the following arrest, and he was denied his right to "due process of proper civil service that would have allowed him to properly get his affairs in order and secure his property" before serving his sentence. *Id.* at 2. Finally, Plaintiff generally refers to Defendant's "well documented history of harassment towards the Plaintiff." *Id.*

Plaintiff's arguments are unpersuasive. The Kansas Court of Appeals case on which Plaintiff relies is not on point. In that matter, the police officer initiated a traffic stop based on the "apparent violation" of a seatbelt ordinance. *See City of Olathe v. Clark*, 2014 WL 6777444, *1 (Kan. Ct. App. Nov. 26, 2014) (unpublished). Mr. Clark, the individual who was stopped, argued that the stop was unconstitutional because the officer did not have adequate suspicion that Mr. Clark did not qualify for the medical exemption to the ordinance. *Id.* at *2. The question on appeal was whether the ordinance "is unconstitutional because it allows a traffic stop without any reasonable suspicion that the listed exceptions do not apply." *Id.* In the case now before this Court, however, Defendant conducted the traffic stop not because of the apparent violation of a traffic

ordinance or the reasonable suspicion that Plaintiff was committing or was about to commit a crime. Rather, Defendant stopped Plaintiff's vehicle because he was aware of a commitment order—an order that required him to arrest and detain[1] Plaintiff. This is a crucial distinction.

Plaintiff does not provide—nor did the Court's independent research reveal—any caselaw that analyzes in depth whether, in light of K.S.A. 24-3427, a commitment order ordering an individual to surrender to serve a sentence imposed after a conviction for violating Kansas law authorizes law enforcement to stop, seize, and arrest the individual. But the Kansas Supreme Court, in at least one case, has spoken of the statute as if it does. *See State v. LaPointe*, 309 Kan. 299, 314 (2019) ("[E]ven if LaPointe were not returned by federal authorities, he would still be subject to arrest and confinement in Kansas for execution of his sentence. See K.S.A. 2017 Supp. 22-3427(a) (providing county sheriff has duty to cause person subject to sentence to be confined)."). Moreover, Plaintiff has not disputed or otherwise responded to the Court's reasoning in the MOSC that:

> Plaintiff's arrest was based on his convictions and a court order, making the arrest even more reasonable than one based only on probable cause. As U.S. District Judge Winder of the District of Utah found in a case where an arrest was based on commitment orders issued after a verdict and sentencing, "this arrest was not based on mere probable cause or undertaken pursuant to a warrant based on probable cause. Mr. Singer had been adjudicated guilty of the misdemeanor of neglecting his children and sentenced to sixty days in jail and a $299.00 file. Commitment orders were issued to Sheriff Robinson . . . *To argue that the law enforcement officers had no authority in the face of these court orders of commitment borders on the absurd.*" *Singer v. Wadman*, 595 F. Supp. 188, 288 (D. Utah 1982) (emphasis added).

(Doc. 6, p. 4-5.)

---

[1] As it was at the time of the MOSC, the Court remains unpersuaded by Plaintiff's apparent argument that Defendant's specific wording—that he had "an 'arrest and detain order'" for Plaintiff instead of the more technically accurate "commitment order"—is legally significant in this matter. (*See* Doc. 6, p. 5.) After a person is convicted and sentenced to confinement and the order of commitment supported by a recorded judgment of sentence is received by the county sheriff, K.S.A. 24-3427 imposes the duty "to cause such person to be confined." Generally speaking, law enforcement officers "cause [a] person to be confined" via arrest and detention.

In summary, although the Court has carefully read and considered Plaintiff's arguments, it maintains its initial conclusion that this matter should be dismissed for failure to state a plausible claim on which relief can be granted, for the reasons set forth herein and in the Court's previous memorandum and order to show cause.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed with prejudice** for failure to state a plausible claim on which relief can be granted.

**IT IS SO ORDERED**.

Dated December 11, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE